```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SILVIO R. ILLESCAS,

                Plaintiff,

-against-

ANTHONY J. ANNUCCI; DR. JOHN MORLEY; DR, ROBERT V. BENTIVEGNA; ALBERT ACRISH; VASSAR BROTHERS MEDICAL CENTER; SAJIN A. PILLAJ; ROBERT U. MMEREOLE; JESSE M. WOLSTEIN; BRUCE R. GENDRON; HECTOR OJEDA-MARTINEZ; SEHRISH SHAHID,

                Defendants.

21-CV-8473 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, currently incarcerated at Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his serious medical needs. The complaint can also be liberally construed as asserting claims arising under state law. By order dated November 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Anthony J. Annucci, Dr. John Morley, Dr, Robert V. Bentivegna, Albert Acrish, Vassar Brothers Medical Center, Sajin A. Pillaj, Robert U. Mmereole, Jesse M. Wolstein, Bruce R. Gendron, Hector Ojeda-Martinez, and Sehrish Shahid through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for Defendants Anthony J. Annucci, Dr. John Morley, Dr, Robert V. Bentivegna, Albert Acrish,

2

Vassar Brothers Medical Center, Sajin A. Pillaj, Robert U. Mmereole, Jesse M. Wolstein, Bruce R. Gendron, Hector Ojeda-Martinez, and Sehrish Shahid and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 15, 2021
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

3

**DEFENDANTS AND SERVICE ADDRESSES**

1. Anthony J. Annucci, Acting Commissioner
   DOCCS
   Bldg 2., State Campus
   Albany, New York 12226-2050

2. Dr. John Morley, Deputy Commissioner
   DOCCS
   Bldg 2., State Campus
   Albany, New York 12226-2050

3. Dr, Robert V. Bentivegna
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

4. Albert Acrish
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

5. Vassar Brothers Medical Center
   45 Reade Place
   Poughkeepsie, NY 12601

6. Sajin A. Pillaj
   Vassar Brothers Medical Center
   45 Reade Place
   Poughkeepsie, NY 12601

7. Robert U. Mmereole
   Vassar Brothers Medical Center
   45 Reade Place
   Poughkeepsie, NY 12601

8. Jesse M. Wolstein
   Vassar Brothers Medical Center
   45 Reade Place
   Poughkeepsie, NY 12601

9. Bruce R. Gendron
   Vassar Brothers Medical Center
   45 Reade Place
   Poughkeepsie, NY 12601

10.     Hector Ojeda-Martinez
    Vassar Brothers Medical Center
    45 Reade Place
    Poughkeepsie, NY 12601

11.     Sehrish Shahid
    Vassar Brothers Medical Center
    45 Reade Place
    Poughkeepsie, NY 12601