UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SILVO R. ILLESCAS,

                             Plaintiff,

-against-

ANTHONY J. ANNUCCI, DR. JOHN MORLEY, DR. ROBERT V. BENTIVEGNA, ALBERT ACRISH, VASAR BROTHERS MEDICAL CENTER, SAJIN A. PILLAJ, JESSE M. WOLSTEIN, DR. BRUCE R. GENDRON, HECTOR OJEDA-MARTINEZ, SEHRISH SHAHID, and DR. ROBERT U. MMEREOLE,

                             Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/2021

21-cv-8473 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Silvio R. Illescas ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this 42 U.S.C. § 1983 action against Defendants Anthony J. Annucci, Dr. John Morley, Dr. Robert V. Bentivegna, Albert Acrish, Vasar Brothers Medical Center, Sajin A. Pillaj, Jesse M. Wolstein, Dr. Bruce R. Gendron, Hector Ojeda-Martinez, Sehrish Shahid, and Dr. Robert U. Mmereole (collectively, the "Defendants") through a Complaint filed on October 13, 2021. (ECF No. 1.) On December 6, 2021, Plaintiff filed an Application for the Court to Request Pro Bono Counsel. (ECF No. 11.)

    Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

1

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

Plaintiff's request for *pro bono* counsel cannot be granted at this early stage in the litigation. Although all parties have been identified and served, none of the Defendants have had the opportunity to answer the Complaint. Because the pleadings stage of this litigation has not yet been completed, there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex. Additionally, the Court cannot conclude that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses.

For the foregoing reasons, because the Court does not find any circumstances which warrant the appointment of pro bono counsel at this time, Plaintiff's motion for the appointment of *pro bono* counsel is DENIED without prejudice to renewal at a later stage in the proceedings.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address as listed on ECF and to show proof of service on the docket. The Clerk of Court is further directed to terminate the motion at ECF No. 11.

SO ORDERED:

Dated:  December 10, 2021
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge