```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SILVO R. ILLESCAS,

                Plaintiff,

-against-

ANTHONY J. ANNUCCI, DR. JOHN MORLEY, DR. ROBERT V. BENTIVEGNA, ALBERT ACRISH, VASAR BROTHERS MEDICAL CENTER, SAJIN A. PILLAJ, JESSE M. WOLSTEIN, DR. BRUCE R. GENDRON, HECTOR OJEDA-MARTINEZ, SEHRISH SHAHID, and DR. ROBERT U. MMEREOLE,

                Defendants.

21-cv-8473 (NSR)

ORDER

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Silvio R. Illescas ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this 42 U.S.C. § 1983 action against Defendants Anthony J. Annucci, Dr. John Morley, Dr. Robert V. Bentivegna, Albert Acrish, Vassar Brothers Medical Center, Sajin A. Pillaj, Jesse M. Wolstein, Dr. Bruce R. Gendron, Hector Ojeda-Martinez, Sehrish Shahid, and Dr. Robert U. Mmereole (collectively, the "Defendants") through a Complaint filed on October 13, 2021. (Complaint ("Compl.") (ECF No. 1).) Plaintiff asserts claims for medical indifference under 42 U.S.C. § 1983 and Article I, § 5 of the New York State Constitution. (*Id.*) This Court granted Defendants' motion to dismiss in an Opinion & Order dated December 7, 2022 (ECF No. 95), dismissing Plaintiff's claims and granting Plaintiff leave to file a Second Amended Complaint. Plaintiff, by letter received February 7, 2023, seeks appointment of *pro bono* counsel and a medical expert. (ECF No. 101.)

    Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of*

*Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Moreover, Rule 706 of the Federal Rules of Evidence allows the Court to appoint an expert witness. Fed. R. Evid. 706(a); *Pabon v. Goord*, 2001 WL 856601, at *1 (S.D.N.Y. 2001). "The enlistment of court-appointed expert assistance under Rule 706 is not commonplace." *In re Joint E. & S. Dists. Asbestos Litig.*, 830 F. Supp. 686, 693 (E.D.N.Y. 1993) (citations and quotations omitted). "[M]ost judges view the appointment of an expert as an extraordinary activity that is appropriate only in rare instances." *Id.* (citations and quotations omitted). "Although plaintiff has been granted leave to proceed in forma pauperis in this case, the *in forma pauperis* statute, 28

U.S.C. § 1915 does not authorize payment of discovery expenses by the defendants." *Charles v. Saundry*, No. 3:06CV211(AHN)(HBF), 2007 WL 9706363, at *2 (D. Conn. Nov. 15, 2007)

The proceedings are still in their early stages, and Plaintiff is yet to file his Amended Complaint. Thus, the Court is unable to conclude that Plaintiff cannot handle the case without assistance, although this conclusion may change as the action progresses. Furthermore, the Court still cannot ascertain whether Plaintiff's position shows a strong chance of success, especially in light of this Court's recent Opinion and Order dismissing Plaintiff's original complaint (ECF No. 95). Nor are the legal issues in this case particularly complex.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel or a medical expert *at this time*, Plaintiff's request is DENIED without prejudice to renew at a later stage in the proceedings. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address as listed on ECF and to show service on the docket.

Dated: March 14, 2023                                                SO ORDERED:
       White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge