USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   9/13/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SILVIO R. ILLESCAS,

                  Plaintiff,

    -against-

DR. JOHN MORLEY; DR, ROBERT V.
BENTIVEGNA; ALBERT ACRISH; NICOLET
T. THOMPSON; JOHN DOE
CORRECTIONAL OFFICERS #1, #2, #3, #4;
DR. MOHAMME; DR. ODENLYL; SUSANNA
NAYSHULER; and DR. KIM,

                  Defendants.

21-CV-8473 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Silvio R. Illescas, currently incarcerated at Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs.  In an Opinion & Order dated December 7, 2022, this Court dismissed Plaintiff's Complaint and granted Plaintiff leave to amend and replead any claims that were dismissed without prejudice.  (ECF No. 95.)   The Court allowed Plaintiff until January 10, 2023 to file an Amended Complaint consistent with the Opinion and Order.  (*Id.* at 17.)  The Court expressly warned that failure to timely file an Amended Complaint or otherwise show "good cause to excuse such a failure" would result in "dismissal with prejudice of all claims that this Court has dismissed without prejudice." (*Id.*)  The Court granted Plaintiff three extensions of time to file the Amended Complaint.  (ECF Nos. 99, 102, 110, and 115.)  Plaintiff timely filed an Amended Complaint on July 31, 2023 (ECF No. 117), adding the following Defendants: Nicolet T. Thompson; John Doe Correctional Officer #1, #2, #3, #4; Dr. Mohamme; Dr. Odenlyl; Susanna Nayshuler; and Dr. Kim.  (ECF No. 117.)  Plaintiff, however, did not include claims previously asserted against Defendants Anthony J. Annucci, Vassar Brothers Medical Center, Daniel E.

Laurie,[1] Sajin A. Pillaj, Jesse M. Wolstein, Dr. Bruce R. Gendron, Hector Ojeda-Martinez, Sehrish Shahid, and Dr. Robert U. Mmereole.

As a result of Plaintiff's decision not to include claims against these Defendants, those claims previously asserted against Defendants Anthony J. Annucci, Vassar Brothers Medical Center, Daniel E. Laurie, Sajin A. Pillaj, Jesse M. Wolstein, Dr. Bruce R. Gendron, Hector Ojeda-Martinez, Sehrish Shahid, and Dr. Robert U. Mmereole and dismissed without prejudice were deemed dismissed with prejudice. (ECF No. 121.)

In a letter dated August 14, 2023, Plaintiff explains that he submitted his Amended Complaint on July 27, 2023 so as to avoid missing the July 31, 2023 deadline. (ECF No. 127.) "As a result," Plaintiff "did not have time to ask for help and review the brief if correct." (*Id.*) Accordingly, Plaintiff neglected to include Defendants Annucci, Vassar Brothers Medical Center, Laurie, Pillaj, Wolstein, Gendron, Ojeda-Martinez, Shahid, and Mmereole as defendants in his Amended Complaint. (*Id.*) Plaintiff reiterates that he has obtained "personal medical records" to "prove the diseases in [his] stomach and organs did not come from the COVID-19 virus, but from medications that Vassar Brothers put in [his] body system." (*Id.*) Plaintiff also notes that he is on the "waiting list" for surgery at an "outside hospital." (*Id.*) "For the above state[d] reasons," Plaintiff requests this Court appoint pro bono counsel, arguing that otherwise he will "suffer prejudice." (*Id.*) Plaintiff also requests this Court "consider" the "Defendants not added" in the Amended Complaint. (*Id.*) The Court interprets Plaintiff's letter as a renewed motion for the appointment of pro bono counsel as well as a motion to reconsider this Court's Order at ECF No.

---

[1] Although the Court neglected to mention Defendant Laurie among the Vassar Brothers Defendants in dismissing without prejudice all claims against the Vassar Brothers Defendants in the December 7, 2022 Opinion & Order, Defendant Laurie had joined in their motion and the Court's Opinion & Order applied with equal force to him.

121 dismissing with prejudice claims previously-asserted against Defendants Annucci, Vassar

Brothers Medical Center, Laurie, Pillaj, Wolstein, Ojeda-Martinez, Shahid, and Mmereole.[2]

The Court addresses each in turn.

## I.        Motion for Appointment of Pro Bono Counsel

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to

represent indigent *pro se* litigants in civil cases.  *See Mallard v. U.S. Dist. Court for the S. Dist. of*

*Iowa*, 490 U.S. 296, 308–09 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may,

at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant

by placing the matter on a list circulated to attorneys who are members of the Court's pro bono

panel.  *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se*

cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877

F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986).

These cases direct the district courts to "first determine whether the indigent's position seems

likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider

"secondary criteria," including the *pro se* litigant's "ability to obtain representation independently,

and his ability to handle the case without assistance in the light of the required factual investigation,

the complexity of the legal issues, and the need for expertly conducted cross-examination to test

veracity."  *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d

at 61–62).  "Even where the claim is not frivolous, counsel is often unwarranted where the

---

[2] Plaintiff's recent letters, received September 7, 2023, renew Plaintiff's motion for the appointment of pro bono counsel and motion for reconsideration.  (*See* ECF Nos. 132–34.) Plaintiff notes that he does not intend to further prosecute this action against Defendant Gendron. (ECF No. 134.)

indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

As stated in its two prior orders denying Plaintiff's motions for appointment of pro bono counsel (*see* ECF Nos. 11, 107, and 110), the proceedings are still in their early stages, and the case is yet to proceed past the pleadings stage. Thus, the Court is unable to conclude that Plaintiff cannot handle the case without assistance, although this conclusion may change as the action progresses.[3] Furthermore, the Court still cannot ascertain whether Plaintiff's position shows a strong chance of success, especially in light of this Court's Opinion and Order dismissing Plaintiff's original complaint (ECF No. 95). Nor are the legal issues in this case particularly complex. Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's request is DENIED without prejudice to renew at a later stage in the proceedings.

## II.     Motion for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 6.3, and the standard for granting a motion for reconsideration "is strict." *McCloud v. Perez*, No. 17-CV-1827(AJN)(KNF), 2018 WL 5818103, at *1 (S.D.N.Y. Aug. 17, 2018) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)). Generally, reconsideration will only be granted if the moving party can point to matters which "might reasonably be expected to alter the conclusion reached by the court," *Mahadeo v. N.Y. City Campaign Fin. Bd.*, 514 F. App'x 53, 55 (2d Cir. 2013), including "an intervening change in controlling law, the availability of new evidence, or the need to correct a

---

[3] Plaintiff has consulted the New York Legal Assistance Group, which assisted Plaintiff in drafting the Amended Complaint. (*See* ECF No. 117.)

clear error or prevent manifest injustice." *Doe v. N.Y. City Dep't of Soc. Serv.*, 709 F.2d 782, 789 (2d Cir. 1983) (internal quotation marks omitted).

Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-CV-3430, 05-CV-4759, 05-CV-4760, 2006 WL 1423785, at \*1 (2d Cir. 2006). A motion for reconsideration "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted). Nor is such a motion "an occasion for repeating old arguments previously rejected." *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2008 WL 4355406, at \*2 (S.D.N.Y. Sept. 23, 2008) (internal quotation marks omitted). Further, the decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted).

Construing *pro se* Plaintiff's submissions liberally, this Court interprets Plaintiff's request as asking this Court to reconsider its Order at ECF No. 121 dismissing with prejudice claims previously-asserted against Defendants Annucci, Vassar Brothers Medical Center, Laurie, Pillaj, Wolstein, Ojeda-Martinez, Shahid, and Mmereole. In effect, Plaintiff asks for another opportunity to amend his pleadings so as to reassert these claims. Plaintiff seeks to do so because he mistakenly omitted these claims—for which he purports to have evidence in the form of "personal medical records"—from the Amended Complaint. (ECF No. 127.) Whether Plaintiff has gathered such evidence is irrelevant in light of the Court's Opinion & Order at ECF No. 95; instead, what is relevant is whether Plaintiff plans to address the deficiencies identified by the Court in its Opinion

& Order.  Mindful of Plaintiff's *pro se* status and the Court's obligation to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), this Court will afford Plaintiff another opportunity to amend the pleadings.  *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (observing that the Second Circuit's permissive amendment standard "is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits'").  Plaintiff would do well to address the many deficiencies identified by the Court in its Opinion & Order at ECF No. 95 and argued by Defendants in their prior moving papers.  In sum, the Court grants Plaintiff's motion for reconsideration.

## CONCLUSION

Plaintiff's motion for appointment of pro bono counsel is DENIED.

Plaintiff's motion for reconsideration is GRANTED.  The Court thus VACATES its order at ECF No. 121 dismissing with prejudice claims previously-asserted against Defendants Annucci, Vassar Brothers Medical Center, Laurie, Pillaj, Wolstein, Ojeda-Martinez, Shahid, and Mmereole. The Court GRANTS Plaintiff leave to file a Second Amended Complaint.  Plaintiff is granted leave to file a Second Amended Complaint only insofar as the Second Amended Complaint includes claims alleged in the Amended Complaint or claims previously-asserted against Defendants Annucci, Vassar Brothers Medical Center, Laurie, Pillaj, Wolstein, Ojeda-Martinez, Shahid, and Mmereole.  Plaintiff is not granted leave to include any additional claims.  Moreover, Plaintiff is advised that an amended complaint, in this case a second amended complaint, completely supplants the previous complaint.  In other words, he must include all allegations he wishes to be considered in the Second Amended Complaint, and if he fails to include any allegations, he cannot rely upon the fact that he previously asserted allegations in the Complaint or Amended Complaint.

The Court will not be consolidating multiple complaints.  A Second Amended prisoner civil rights complaint form is attached to this Opinion.

Plaintiff is directed to file the Second Amended Complaint no later than October 27, 2023. In light of several prior extensions, **the Court will not entertain further requests from Plaintiff to extend the time to file the Second Amended Complaint**.  Should Plaintiff fail to timely file the Second Amended Complaint, the Court will deem the Amended Complaint to be the operative complaint, dismiss with prejudice claims previously-asserted against Defendants Annucci, Vassar Brothers Medical Center, Laurie, Pillaj, Wolstein, Ojeda-Martinez, Shahid, and Mmereole, and enter judgment in their favor, pursuant to Federal Rule of Civil Procedure 54(b).  If Plaintiff timely files the Second Amended Complaint, Defendants are directed to answer or otherwise seek leave to move in response to the Second Amended Complaint no later than November 17, 2023.

In light of this Order granting Plaintiff's motion for reconsideration, the Court DENIES without prejudice to renew at a later time Defendants' motion for leave to file a motion pursuant to Federal Rule of Civil Procedure 54(b).  (*See* ECF No. 123.)   All claims previously-asserted against Defendant Gendron, however, remain dismissed with prejudice.  Because Plaintiff has expressly disclaimed further prosecuting this action against Defendant Gendron (*see e.g.,* ECF No. 134), the Court finds "no just reason for delay" and directs the Clerk of Court to enter judgment in favor of Defendant Gendron.  *See* Fed. R. Civ. P. 54(b).

The Clerk of Court is kindly directed to terminate the motion at ECF No. 123.  The Clerk of Court is further directed to mail a copy of this Order and ECF No. 95 to *pro se* Plaintiff at Plaintiff's address listed on ECF and to show service on the docket. SO ORDERED.

Dated:    September 13, 2023
          White Plains, New York

_____
          NELSON S. ROMÁN, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**SECOND AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                                   State                 Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____