USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/06/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
SILVO R. ILLESCAS                                          :
:
:
Plaintiff,              :            7:21-cv-08473 (NSR)
-against-                                  :            MEMORANDUM & ORDER
:
ANNUCCI ET AL.,                                            :
:
Defendants.             :
-----------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Silvo R. Illescas, by a motion received on October 31, 2025 (ECF No. 240), moves for appointment of pro bono counsel. Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308-09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation,

the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the pro se litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Plaintiff's motion for appointment of pro bono counsel does not establish that he has attempted to seek counsel independently, with no success. Additionally, the Court is unable to conclude that Plaintiff's claims are likely to have merit at this early stage in the proceedings, although this conclusion may change as the action progresses.

Plaintiff's motion for appointment of pro bono counsel is therefore DENIED without prejudice to renewal at a later stage in the proceedings. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 240. The Clerk of Court is also requested to mail a copy of this order on Plaintiff at his address listed on ECF and to show service on the docket.

Dated: November 6, 2025                                         SO ORDERED:
       White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge